IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH RUSHING and JAMARR L. CAMPBELL, | ) ) ) |
| Plaintiffs, | ) ) **CONSOLIDATED** |
| v. | ) Civ. Action No. 13-1103-GMS ) |
| C/O JAMES APGAR, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiffs Joseph Rushing ("Rushing")and Jamarr Campbell ("Campbell") filed separate cases. On September 23, 2013, the court consolidated the cases given that both complaints concern common questions of law and fact.[1]  At the time they filed their respective complaints, both plaintiffs were housed at the Sussex Correctional Institution ("SCI"), Georgetown, Delaware. Rushing has since been transferred to the Sussex Work Release Unit, Georgetown, Delaware, and Campbell has been transferred to the James T. Vaughn Correctional Center, Smyrna, Delaware. The plaintiffs filed this consolidated action pursuant to 42 U.S.C. § 1983[2] (D.I. 3.) They appear *pro se* and were granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

---

[1]A third case raising the same claims was recently dismissed. (*See Savage v. Apgar*, Civ. No. 13-1102 at D.I. 12.)

[2]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## I. BACKGROUND

Defendant C/O James Apgar ("Apgar") made homemade bread laced with Ajax/Comet. Inmate Chris Powell ("Powell") put the bread in a common area. The plaintiffs took the bread and went to their room. Powell told Apgar that Campbell, Rushing, and Savage had the bread. Following an 8:45 p.m. shakedown, Campbell, Rushing, and Tevon Savage ("Savage")[3] ate the bread. Apgar stated to them, "I hope y'all enjoy that homemade gritty bread, because you people are always stealing." Savage asked for a grievance and Apgar stated, "they won't believe you, it's you word over mine boy."

Poison control was called and Campbell, Rushing, and Savage were examined and prescribed medication. The three inmates threw up, had headaches, stomach pains, chest pains, sore throats, cramping, and dark stools. The State Police were notified of the incident on June 11, 2013. It contacted internal affairs and the SCI prison, and it wanted to know why the State Police was not informed of the matter. On June 12, 2013, the three inmates were advised that the matter would be fully investigated. Named as the defendants are Apgar, Warden G.R. Johnson "Johnson"), Sussex Correctional Institution ("SCI"), and Commissioner Robert Coupe ("Coupe").

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis*

---

[3]Savage was a named plaintiff in the cases filed by the inmates, Civ. Nos. 13-1102-GMS, 13-1103-GMS, and 13-1144-GMS, but has since been dismissed in all three cases for failure to comply with court orders. He was recently released from prison.

actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because the plaintiffs proceed *pro se*, their pleading is liberally construed and their complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court

3

must grant the plaintiff leave to amend their complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiffs have a "plausible claim for relief."[4] *Id.* at 211. In other words, the complaint must do more than allege the plaintiffs' entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[4]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

4

## III. DISCUSSION

### A. Eleventh Amendment

To the extent that the plaintiffs raise § 1983 claims against the SCI, the claims fail. "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). The SCI falls under the umbrella of the DOC, an agency of the State of Delaware. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Moreover, state correctional institutions are arms of the state and not persons subject to liability under § 1983. *See Green v. Howard R. Young Corr. Inst.*, 229 F.R.D. 99, 102 (D. Del. 2005). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Ospina v. Department of Corr.*, 749 F. Supp. 572, 579 (D. Del. 1991). Hence, as an agency of the State of Delaware, the SCI (which falls under the umbrella of the DOC) is entitled to immunity under the Eleventh Amendment.

The SCI fails is immune from suit, and therefore, it will be dismissed as a defendants pursuant to 28 U.S.C.§§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

### B. Respondeat Superior

The complaint names Delaware DOC Commissioner Coupe as a defendant. A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). "Personal involvement

5

can be shown through allegations of personal direction or of actual knowledge and

acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The Third Circuit

has reiterated that a § 1983 claim cannot be premised upon a theory of respondeat superior and,

that in order to establish liability for deprivation of a constitutional right, a party must show

personal involvement by each defendant. *Brito v. United States Dep't of Justice*, 392 F. App'x

11, 14 (3d Cir. Aug. 18, 2010) (not published) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677

(2009); *Rode v. Dellarciprete*, 845 F.2d at 1207).

"Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that

each Government-official defendant, through the official's own individual actions, has violated

the Constitution." *Iqbal*, 556 U.S. at 676. In *Iqbal*, the Supreme Court emphasized that "[i]n a §

1983 suit - here masters do not answer for the torts of their servants - the term 'supervisory

liability' is a misnomer. Absent vicarious liability, each Government official, his or her title

notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. "Thus,

when a plaintiff sues an official under § 1983 for conduct 'arising from his or her superintendent

responsibilities,' the plaintiff must plausibly plead and eventually prove not only that the

official's subordinates violated the Constitution, but that the official by virtue of his own conduct

and state of mind did so as well." *Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010).

The factors necessary to establish a § 1983 violation will vary with the constitutional provision at

issue. *Id.*

Under pre-*Iqbal* Third Circuit precedent, "[t]here are two theories of supervisory

liability," one under which supervisors can be liable if they "established and maintained a policy,

practice or custom which directly caused [the] constitutional harm," and another under which

6

they can be liable if they "participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations." *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010) (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)) (second alteration in original)). "Particularly after *Iqbal*, the connection between the supervisor's directions and the constitutional deprivation must be sufficient to demonstrate a plausible nexus or affirmative link between the directions and the specific deprivation of constitutional rights at issue." *Id.* at 130.

The Third Circuit has recognized the potential effect that *Iqbal* might have in altering the standard for supervisory liability in a § 1983 suit but, to date, has declined to decide whether *Iqbal* requires narrowing of the scope of the test. *Santiago*, 629 F.3d at 130 n.8; *see, e.g.*, *Argueta v. United States Immigration and Customs Enforcement*, 643 F.3d 60 (3d Cir. 2011) ("To date, we have refrained from answering the question of whether *Iqbal* eliminated – or at least narrowed the scope of – supervisory liability because it was ultimately unnecessary to do so in order to dispose of the appeal then before us."); *Bayer v. Monroe Cnty. Children and Youth Servs.*, 577 F.3d 186, 190 n.5 (3d Cir. 2009) (In light of *Iqbal*, it is uncertain whether proof of personal knowledge, with nothing more, provides a sufficient basis to impose liability upon a supervisory official.) Hence, it appears that, under a supervisory theory of liability, and even in light of *Iqbal*, personal involvement by a defendant remains the touchstone for establishing

liability for the violation of a plaintiff's constitutional right.[5] *Williams v. Lackawanna Cnty. Prison*, 2010 WL 1491132, at \*5 (M.D. Pa. Apr. 13, 2010).

Facts showing personal involvement of the defendant must be asserted; such assertions may be made through allegations of specific facts showing that a defendant expressly directed the deprivation of a plaintiff's constitutional rights or created such policies where the subordinates had no discretion in applying the policies in a fashion other than the one which actually produced the alleged deprivation; *e.g.,* supervisory liability may attach if the plaintiff asserts facts showing that the supervisor's actions were "the moving force" behind the harm suffered by the plaintiff. *See Sample v. Diecks*, 885 F.2d at 1117-118; *see also Iqbal*, 566 U.S. at 677-686; *City of Canton v. Harris*, 489 U.S. 378 (1989); *Heggenmiller v. Edna Mahan Corr. Inst. for Women*, 128 F. App'x 240 (3d Cir. Apr. 11, 2005) (not published).

The plaintiffs provides no specific facts how Coupe violated their constitutional rights, that he expressly directed the deprivation of their constitutional rights, or that he created policies wherein subordinates had no discretion in applying them in a fashion other than the one which actually produced the alleged deprivation. The allegations in the complaint do not satisfy the *Iqbal* pleading requirements.

Accordingly, the § 1983 claims against Coupe will be dismissed as frivolous pursuant to 28 U.S.C.§ 1915(e)(2)(B)(i) and 1915A(b)(2).

---

[5] "'Supervision' entails, among other things, training, defining expected performance by promulgating rules or otherwise, monitoring adherence to performance standards, and responding to unacceptable performance whether through individualized discipline or further rulemaking." *Sample v. Diecks*, 885 F.2d 1099, 1116 (3d Cir. 1989). "For the purpose of defining the standard for liability of a supervisor under § 1983, the characterization of a particular aspect of supervision is unimportant." *Id.* at 1116-17.

8

## IV. CONCLUSION

For the above reasons, the court will dismiss the 42 U.S.C. § 1983 claims against the SCI

as it is immune from suit and against Coupe as frivolous pursuant to 28 U.S.C.§§ 1915(e)(2)(B)(i)

and (iii) and 1915A(b)(1) and (2). The plaintiff has alleged what appear to be cognizable claims

against the defendants C/O James Apgar and Warden G. R. Johnson.

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

_____ Sept 27 , 2013
Wilmington, Delaware

9